UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Antonio Seenyur, a/k/a Anthony Lee Johnson, Sr., | Case No. 16-cv-3832 (WMW/BRT) |
| Plaintiff, | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| v. | |
| Lt. Van Coolidge, Minnesota State Prison, Rush City, individually and in his official capacity, | |
| Defendant. | |

---

This matter is before the Court on the September 22, 2017 Report and Recommendation (R&R) of United States Magistrate Judge Becky R. Thorson. (Dkt. 23.) The R&R recommends granting Defendant Lt. Van Coolidge's motion to dismiss Plaintiff Antonio Seenyur's complaint. Seenyur filed timely objections to the R&R, and Lt. Coolidge responded. For the reasons addressed below, the Court adopts the R&R and grants Lt. Coolidge's motion to dismiss.

## BACKGROUND

As the R&R provides a detailed factual and procedural history, the Court briefly summarizes the background of this litigation. Following his conviction of kidnapping, assault, and rape, Seenyur was incarcerated at the Minnesota Correctional Facility-Stillwater (MCF-Stillwater). He subsequently was transferred to the Minnesota

Correctional Facility-Rush City (MCF-Rush City), where Lt. Coolidge oversaw prisoner transfers. At MCF-Rush City, Seenyur enrolled in the Sex Offender Treatment Program (SOTP). On December 12, 2013, Jennifer Coolidge,[1] the clinical director of the SOTP at that time, terminated Seenyur from the SOTP for engaging in "physically threatening behavior." Lt. Coolidge subsequently ordered Seenyur's transfer back to MCF-Stillwater because of the SOTP termination. Seenyur brought a legal action against Jennifer Coolidge, alleging that his termination from the SOTP and transfer to MCF-Stillwater violated his constitutional rights. Seenyur moved to amend his complaint approximately one year after the deadline for doing so.[2] Shortly thereafter, the magistrate judge issued an R&R that recommended denying Seenyur's motion to amend and granting Jennifer Coolidge's motion for judgment on the pleadings or summary judgment. This Court adopted the magistrate judge's recommendation and dismissed Seenyur's lawsuit against Jennifer Coolidge with prejudice on August 22, 2016.

Seenyur subsequently initiated this lawsuit against Lt. Coolidge, alleging that Lt. Coolidge conspired with Jennifer Coolidge to terminate Seenyur from the SOTP and transfer him to MCF-Stillwater. Seenyur's complaint is a copy of the proposed amended complaint Seenyur filed in his lawsuit against Jennifer Coolidge with redactions to remove any reference to the initial lawsuit. Lt. Coolidge moves to dismiss Seenyur's

---

[1]   Jennifer Coolidge is the wife of Lt. Coolidge.

[2]   The R&R erroneously states that Seenyur moved to amend his complaint sixteen months after the deadline for doing so. Despite this error, the R&R correctly concludes that Seenyur's motion was impermissibly late, and the error does not affect the merits of the magistrate judge's recommendation.

complaint, arguing that the claims are barred by res judicata. The magistrate judge issued an R&R recommending dismissal of the complaint, and Seenyur filed timely objections.

## ANALYSIS

A district court reviews de novo any portion of an R&R to which timely objections are filed. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003). When doing so, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

The R&R recommends dismissing Seenyur's complaint as barred by res judicata. Seenyur objects, arguing that res judicata does not apply to his claims. The doctrine of res judicata bars a party from bringing a repetitive lawsuit involving the same claims or causes of action. *Lundquist v. Rice Mem'l Hosp.*, 238 F.3d 975, 977 (8th Cir. 2001) (per curiam). Claim preclusion is a form of res judicata. *Sandy Lake Band of Miss. Chippewa v. United States*, 714 F.3d 1098, 1102 (8th Cir. 2013). A claim is barred by claim preclusion if (1) the first lawsuit resulted in a final judgment on the merits, (2) jurisdiction was proper in the first lawsuit, (3) both lawsuits involve either the same parties or those in privity with them, and (4) both lawsuits are based on the same claims or causes of action. *Magee v. Hamline Univ.*, 775 F.3d 1057, 1059 (8th Cir. 2015). Res judicata is an affirmative defense and must be apparent on the face of the complaint to warrant dismissal under Federal Rule of Civil Procedure 12(b)(6). *A.H. ex rel. Hubbard v. Midwest Bus Sales, Inc.*, 823 F.3d 448, 453 (8th Cir. 2016). Seenyur objects to the R&R's determinations that his initial lawsuit resulted in a final judgment on the merits,

that the lawsuits involve the same parties, and that the lawsuits are based on the same claims. These objections are analyzed in turn.

### I. Final Judgment on the Merits

The R&R concludes that the denial of Seenyur's motion to amend the complaint in his lawsuit against Jennifer Coolidge is a final judgment on the merits. Seenyur objects. Because the Court did not evaluate the merits of the proposed amended pleading in his initial lawsuit, Seenyur argues, the denial of his motion to amend was not a final judgment on the merits. Seenyur's argument is unavailing.

Even when leave to amend a complaint is denied for reasons other than the merits, such a denial is a final judgment on the merits, which bars the same complaint in a later action. *Prof'l Mgmt. Assocs., Inc. v. KPMG LLP*, 345 F.3d 1030, 1032 (8th Cir. 2003) (per curiam). Seenyur's complaint against Lt. Coolidge is materially the same as the proposed amended pleading in his lawsuit against Jennifer Coolidge. For this reason, the Court's denial of Seenyur's motion to amend the complaint in the initial lawsuit "is a judgment on the merits of the claims in the proposed amended pleading." *Id.* That judgment bars Seenyur from filing the same pleading in this lawsuit. Accordingly, the Court overrules Seenyur's objection and adopts the R&R's determination that the denial of Seenyur's motion to amend the complaint in his lawsuit against Jennifer Coolidge is a final judgment on the merits.

### II. Same Parties or Parties in Privity

The R&R concludes that Lt. Coolidge is in privity with Jennifer Coolidge, the defendant in Seenyur's initial lawsuit. Seenyur objects, arguing that Lt. Coolidge and

Jennifer Coolidge are not in privity because they held different positions at MCF-Rush City and the claims against them address different alleged violations of Seenyur's rights.

A defendant who was not a party in the initial lawsuit may use claim preclusion to defeat a subsequent lawsuit. *Airframe Sys., Inc. v. Raytheon Co.*, 601 F.3d 9, 17 (1st Cir. 2010). When a defendant in the subsequent lawsuit is closely related to a defendant in the initial lawsuit, claim preclusion applies. *Id.*; *see also Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 966 (3d Cir. 1991) ("[R]es judicata may be invoked against a plaintiff who has previously asserted essentially the same claim against different defendants where there is a close or significant relationship between successive defendants." (internal quotation marks omitted)); *Fowler v. Wolff*, 479 F.2d 338, 340 (8th Cir. 1973) ("The relationship of [new defendants] to the parties sued in the [prior litigation] is so close that their addition cannot change the fact that this present action is repetitious and barred by res judicata."). "Members of a conspiracy are deemed under the law to be in privity with each other." *RSM Prod. Corp. v. Freshfields Bruckhaus Deringer U.S. LLP*, 800 F. Supp. 2d 182, 193 (D.D.C. 2011) (citing *Raytheon Co.*, 601 F.3d at 17-18).

Here, Seenyur's claims against Lt. Coolidge arise from an alleged conspiracy between Lt. Coolidge and Jennifer Coolidge. Seenyur alleges that "Jennifer Coolidge maliciously and intentionally [collaborated] with her Husband, Lt. Van Coolidge, who was in charge of the prisoner transfer department, and had the Plaintiff transferred . . . . The transfer . . . was a calculated, orchestrated, conspiracy by the Defendant Jennifer Coolidge and her husband Lt. Van Coolidge." Seenyur also alleges that he is the "victim" of "the malicious retaliation of . . . team conspirators." Each allegation against

5

Lt. Coolidge also refers to Jennifer Coolidge. Based on Seenyur's complaint, Lt. Coolidge and Jennifer Coolidge are in privity with one another.

For these reasons, the Court overrules Seenyur's objection and adopts the R&R's determination that Lt. Coolidge is in privity with Jennifer Coolidge.

### III.  Same Claims or Causes of Action

Finally, the R&R determines that the claims are barred by res judicata because this lawsuit against Lt. Coolidge involves the same claims or causes of action as those alleged in Seenyur's lawsuit against Jennifer Coolidge. "[A] claim is barred by res judicata if it arises out of the same nucleus of operative facts as the prior claim." *Banks v. Int'l Union Elec., Elec., Tech., Salaried & Mach. Workers*, 390 F.3d 1049, 1052 (8th Cir. 2004) (internal quotation marks omitted). To determine whether a claim is barred, a court "examines whether the second lawsuit is part of the transaction, or series of connected transactions, out of which the first action arose." *First Nat'l Bank in Sioux Falls v. First Nat'l Bank S.D.*, 679 F.3d 763, 767 (8th Cir. 2012) (internal quotation marks omitted). When performing this analysis, the court considers "whether the facts are related in time, space, origin, or motivation, [and] whether they form a convenient trial unit." *Id.* (internal quotation marks omitted).

The claims in the two lawsuits at issue here arise from the same transaction or occurrence. Indeed, the claims contain the same allegations. Seenyur's complaint in this lawsuit is materially the same as the proposed amended complaint in his lawsuit against Jennifer Coolidge. The Court overrules Seenyur's objection and adopts the R&R's

determination that this lawsuit against Lt. Coolidge involves the same claims or causes of action as Seenyur's lawsuit against Jennifer Coolidge.

Because Seenyur's claims satisfy the elements of claim preclusion, the Court adopts the R&R's recommendation to grant Lt. Coolidge's motion to dismiss Seenyur's complaint with prejudice.

## ORDER

Based on the foregoing analysis, the R&R, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff Antonio Seenyur's objections to the R&R, (Dkt. 26), are **OVERRULED**;

2. The September 22, 2017 R&R, (Dkt. 23), is **ADOPTED**; and

3. Defendant Lt. Van Coolidge's motion to dismiss, (Dkt. 13), is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:   January 12, 2018              s/Wilhelmina M. Wright
                                       Wilhelmina M. Wright
                                       United States District Judge